IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
NO. 5:17-cv-54-GCM

SCOTT WILLIAM STANLEY,

        Plaintiff,

v.

NANCY A. BERRYHILL,
**Acting Commissioner of Social Security,**

        Defendant.

ORDER

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment (Doc. No. 10) and Commissioner's Motion for Summary Judgment (Doc. No. 13). Having carefully considered the motions and reviewed the record, the court enters the following findings, conclusions, and Order.

**I. Background**

In evaluating Plaintiff's alleged disability, the ALJ found that Plaintiff met the insured status requirements through December 31, 2015, and had severe impairments of depression, anxiety, bipolar disorder, and OCD. (Tr. 63). However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (*Id.*). After a consideration of the entire record, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff had the RFC "to perform a full range of work at all exertional levels but with the following non-exertional limitations: the claimant can have no more than occasional direct contact with customers and is limited to simple job instructions." (Tr. 65).

Accordingly, the ALJ found that Plaintiff was unable to perform any past relevant work. (Tr. 70). But, the ALJ ultimately concluded based on Plaintiff's limitations that there are other jobs that exist in significant numbers in the national economy that Plaintiff could perform. (*Id.*). Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act. (Tr. 71).

Thereafter, Plaintiff obtained a psychological evaluation from Morris F. Britt, Ed. D., on January 15, 2016. Dr. Britt found that Plaintiff has unspecified neurocognitive disorder, post-traumatic stress disorder ("PTSD"), bipolar disorder II, major depressive disorder, and AD/HD. (Tr. 22). Plaintiff appealed the ALJ's conclusion to the Appeals Council, and the Appeals Council considered the new report in determining whether to review the ALJ's decision. The Appeals Council ultimately declined review, finding that "the additional evidence does not provide a basis for changing the [ALJ]'s decision" because the ALJ decided Plaintiff's case only through June 25, 2015. (Tr. 6). Thus, the decision of the ALJ became the final decision of the Commissioner.

On appeal, Plaintiff, acting *pro se*, argues that the decision of the Commissioner was not supported by substantial evidence.

## II. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson*, 402 U.S. at 400.

Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays*, 907 F.2d at 1456.

### III. Discussion

Plaintiff, acting *pro se*, argues that the decision was not supported by substantial evidence. Construing the *pro se* claim broadly, the Court will evaluate Plaintiff's appeal as both a claim of error on the part of the Appeals Council for not properly considering new evidence and as a claim that the ALJ's decision was not supported by substantial evidence.

**A. New and Material Evidence**

First, claimants can submit "new and material" evidence for consideration to the Appeals Council pursuant to 20 C.F.R. § 404.970(a)(5). The Appeals Council is not required to do anything more than "consider new and material evidence in deciding whether to grant review." *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011) (quoting *Wilkins v. Sec'y, Dept. of Health & Human Servs.*, 953 F.2d 93, 95 (4th Cir. 1991)). The Appeals Council will review an ALJ's decision if the additional evidence is (1) new, (2) material, and (3) "relates to the period on or before the date of the hearing decision," so long as (4) "there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5).

Here, it is clear that the evaluation and report of Dr. Britt does not relate to the period on or before the date of the hearing decision. Plaintiff was first evaluated by Dr. Britt nearly seven months after the date of the ALJ's decision. Thus, Dr. Britt's report did not relate to the period on or before the date of the hearing decision, and the Appeals Council did not err in denying review of the ALJ's decision.

### B. Substantial Evidence

Second, out of an abundance of caution in dealing with a *pro se* plaintiff, the Court has reviewed the entirety of the ALJ's opinion in light of Plaintiff's claim that the decision was not supported by substantial evidence.

The Fourth Circuit in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), held that "[a]n ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). If a moderate limitation in concentration, persistence, and pace does not actually translate into a limitation in a claimant's ability to work, the ALJ may limit the claimant to merely simple, routine tasks or unskilled work, but must explain why a further limitation is not needed. *Id.* But if the limitation does impact the claimant's ability to work, then the ALJ must go further and include a limitation that reflects the claimant's "ability to stay on task." *Id.*; *see also Grant v. Colvin*, No. 1:15CV00515, 2016 WL 4007606, at *9 (M.D.N.C. July 26, 2016) ("[W]hen an ALJ finds moderate limitation in CPP, the ALJ must either adopt a restriction that addresses the 'staying on task' aspect of CPP-related deficits . . . or explain why the CPP limitation of that particular claimant did not necessitate a further restriction regarding 'staying on task.'").

Here, the ALJ found that Plaintiff has moderate limitations in concentration, persistence, or pace. (Tr. 64). However, the ALJ found that Plaintiff has the RFC to perform a full range of work except that he can "have no more than occasional direct contact with customers and is limited to simple job instructions." (Tr. 65). This finding clearly does not meet *Mascio*'s requirement that the RFC of a claimant who has a moderate limitation in concentration, persistence, and pace reflect the claimant's ability to "stay on task." Nor does the ALJ

alternatively explain why Plaintiff's moderate limitation in concentration, persistence, and pace does not impact the claimant's ability to work.

Further, the ALJ's failure to include an additional limitation in Plaintiff's RFC or to provide a sufficient explanation for not doing so is not harmless error. A failure to provide an adequate explanation frustrates the ability of the Court to conduct meaningful review and determine whether the ALJ's decision is supported by substantial evidence. *Mascio*, 780 F.3d at 636, 638. Thus, this matter must be remanded for further consideration.

**IV. Conclusion**

For the foregoing reasons, the Court finds that the Commissioner's decision is not supported by substantial evidence.

Accordingly, Plaintiff's Motion for Summary Judgment (Doc. No. 10) is **GRANTED**, and the Commissioner's Motion for Summary Judgment (Doc. No. 11) is **DENIED**. The decision of the Commissioner denying the relief sought by Plaintiff is **VACATED**, and this matter is **REMANDED** for further consideration.

**SO ORDERED**.

Signed: August 29, 2018

Graham C. Mullen
United States District Judge